## Hays v. Commonwealth.

(Decided October 3, 1924.)

## Appeal from Letcher Circuit Court.

1. Intoxicating Liquors—Evidence Held Sufficient to Sustain Conviction for Unlawful Transportation.—Evidence held sufficient to sustain conviction for unlawful transportation.
2. Criminal Law—Defendant Cannot Complain First on Motion for New Trial that he was Immune from Prosecution.—Accused cannot complain for first time on motion for new trial that he was immune from prosecution under Acts 1922, c. 33, section 6, because testifying on trial of others, there being no plea of immunity and no prior disclosure, by evidence or otherwise, showing right to immunity.

HAYS & HAYS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant on his trial under indictment charging him with transporting intoxicating liquors was convicted and has appealed.

The complaint that the evidence was insufficient to sustain the judgment is without merit. Only three witnesses testified for the Commonwealth, one of whom definitely states that defendant carried the whiskey in a coffee sack from one point to another some distance away; and this was after the parties had finally found the whiskey at a place to which it had been removed by unknown persons from the place where it had been previously hidden by some of them. The other two witnesses evasively state that they do not know whether defendant or another carried the coffee sack, but neither of them states positively appellant did not. Clearly this evidence is sufficient to sustain the verdict and judgment.

The transporting was done after the parties had made a search for and had found the whiskey at a place to which it had been removed from the original place where it had been secreted by the searchers, or some of them, and appellant was one of the searching party. It is asserted in the brief that previous to appellant's trial two of the others in the searching party had been tried

under indictments growing out of the same transaction, and that he had been compelled by the Commonwealth to testify against such other parties; and that in doing so, from the nature of the transaction, he was necessarily compelled to disclose the facts showing his own connection therewith, and was therefore immune from prosecution or trial under the provisions of chapter 33, subsection 6, Acts 1922.

We find in the transcript no reference whatsoever to his alleged previous testimony except that it is made a ground for a new trial. The record does not disclose that he entered any special plea of immunity, or that he even introduced any evidence, record or oral, showing the giving of any previous testimony by him.

The appellant only entered a plea of not guilty and demurred to the indictment, and there is nothing on the record nor anything occurring upon the trial showing the question now raised was made or considered, or that there was in fact any disclosure, by the evidence or otherwise, authorizing its consideration.

Judgment affirmed.